IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DESMOND TAYLOR, ) | No. C 09-3010 MMC (PR) |
| Plaintiff, ) | **ORDER OF TRANSFER** |
| v. ) | |
| JUDGE CARLA M. WOEHRLE, ) JUDGE WILLIAM D. KELLER, ) | |
| Defendants. ) | |

On July 7, 2009, plaintiff, a California prisoner incarcerated on Death Row at San Quentin State Prison and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. The form civil rights complaint used by plaintiff to file his action is the form used by plaintiffs to file civil rights complaints in the United States District Court for the Central District of California ("Central District"). In his complaint, plaintiff alleges that United States District Judge William D. Keller, of the Central District, and Magistrate Judge Carla M. Woehrle, also of the Central District, wrongly denied his petition for habeas corpus relief. He seeks monetary damages.

Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is

1  proper in (1) the district in which any defendant resides, if all of the defendants reside in the
2  same state; (2) the district in which a substantial part of the events or omissions giving rise to
3  the claim occurred, or a substantial part of the property that is the subject of the action is
4  situated; or (3) a judicial district in which any defendant may be found, if there is no district
5  in which the action may otherwise be brought. See 28 U.S.C. § 1391(b).  When venue is
6  improper, the district court has the discretion to either dismiss the case or transfer it "in the
7  interest of justice."  See 28 U.S.C. § 1406(a).

8  It is clear from the complaint that plaintiff's claims arise out of acts allegedly
9  committed by judicial officers in the Central District.  Consequently, venue is proper in the
10 Central District, not in the Northern District.  See 28 U.S.C. § 84(b).

11 Accordingly, in the interest of justice, and pursuant to 28 U.S.C. § 1406(a), the above-
12 titled action is hereby TRANSFERRED to the United States District Court for the Central
13 District of California.

14 IT IS SO ORDERED.

15 DATED: July 17, 2009

16 _____
   MAXINE M. CHESNEY
17 United States District Judge

2